IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-101 |
| | ) | |
| EUGENIA HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 29.) The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 25.) Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge, but he asks that the Court excuse his failure to provide truthful information.

Plaintiff contends his dishonesty should be excused because he has been diagnosed with narcissistic personality disorder and his "extreme preoccupation with self" caused him to pay little attention to the details of his prior litigation. (Doc. no. 29, pp. 3-5.) Therefore, he did not "learn the details of whether any cases were successfully filed or rejected," and he believed prior matters jailhouse lawyers had litigated on his behalf were unsuccessful and stricken from court records. (Id. at 5-6.) Thus, Plaintiff believed these unsuccessful cases

were not actually filed and did not need to be disclosed. (Id. at 6.) Interestingly, even though the Magistrate Judge did not describe the outcome of the undisclosed cases, Plaintiff now has enough awareness to recall the cases were not resolved in his favor. In any event, the Court declines to excuse Plaintiff's dishonesty based on his specious theory that he is not responsible for his own actions.

First, the straightforward questions on the complaint form separately ask whether other lawsuits have been "filed" and if so, what the result was. (Doc. no. 24, pp. 9-10) Thus, regardless of the result, a "filed" case must be disclosed. Second, the argument he was so "cognatively [sic] unattached" from his prior cases and the actions taken on his behalf by jailhouse lawyers that he was unable to provide even the most basic information that he had previously filed cases in federal court, regardless of the outcome, (doc. no. 29, pp. 5-6), rings hollow. In other portions of his amended complaint, Plaintiff was able to identify and recall events occurring during a specific window of time from September 8, 2022 to October 11, 2023, to include recall of exact statements made on September 23, 2022, and October 11, 2023. (Doc. no. 24, pp. 5, 13, 16-17.) Moreover, when drafting the original complaint filed in the Middle District of Georgia, Plaintiff had sufficient memory recall to identify five prior institutions in which he had been incarcerated,[1] (doc. no. 1, p. 4), and draft a twenty-two-page statement of claim (id. at 7-28), supplemented by six pages of legal argument, (id. at 33-38). In sum, Plaintiff's professed self-absorption to the point of being unable to provide truthful information about his prior case filings flies in the face of his cognitive ability to provide extreme detail about his claims.

---

[1] Indeed, Plaintiff could recall an approximate four-day stint at Sumpter County Institution. (Doc. no. 1, p. 4.)

As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 25, pp. 3-5.) Should Plaintiff decide that he wants to pursue his claims in the future, nothing in this Order adopting the recommendation for dismissal puts any additional restrictions on Plaintiff's future filing activities beyond those already in place for any prisoner filing a new case in federal court.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 9th day of October, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA